Ruth L. Cohen, Esq. (NV Bar No. 1782)
Email: rcohen@caplawyers.com
Paul S. Padda, Esq. (NV Bar No. 10417)
Email: ppadda@caplawyers.com
COHEN & PADDA, LLP
4240 West Flamingo Road, Suite 220
Las Vegas, Nevada 89103
Tele: (702) 366-1888
Fax: (702) 366-1940
Web: caplawyers.com

Attorneys for the Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WILLIAM HAMILTON, | Case. No._____ |
| Plaintiff, | |
| v. | |
| GK NEVADA, LLC, d/b/a CENTENNIAL TOYOTA AND SCION | |
| Defendant. | |

**COMPLAINT**

This is a civil action seeking monetary and declaratory relief for violations of Federal civil rights laws. In support of this Complaint, Plaintiff hereby alleges the following:

**I.**

**JURISDICTION, VENUE AND LEGAL BASIS FOR THIS ACTION**

1.  This Court possesses jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.*, and other federal laws.

2.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 since "a substantial part of the events or omissions giving rise to the claim[s] occurred" in Nevada.

3. Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.

4. This civil action is brought by Plaintiff pursuant to Federal common and statutory law and Nevada common law.

## II.

## THE PARTIES

5. Plaintiff, "William Hamilton," is an adult individual currently residing in the State of Nevada.

6. Defendant, "GK Nevada, LLC d/b/a Centennial Toyota and Scion," ("Centennial") is a corporation registered to transact business in the State of Nevada.

## III.

## FACTUAL BACKGROUND

7. In or around November 18, 2010, Plaintiff, an African-American male, was hired by Centennial as a Sales Representative.

8. Since the date of his hire until his constructive discharge on or about April 25, 2012, Plaintiff was subjected to constant harassment due to his medical condition. This harassment included, but was not limited to: Plaintiff's supervisor questioning Plaintiff's medical condition and asking for verification of Plaintiff's right to have a handicapped placard displayed in his vehicle; the supervisor, and other members of management, continually stating that Plaintiff did not look ill; and the supervisor continually making light of, and jokes about, Plaintiff's need to sit down as part of his reasonable accommodation.

9. In or around the month of September 2011, until Plaintiff was constructively discharged, he was also subjected to harassment due to his race, African-American. This included, but was not limited to, non-African-American employees telling Plaintiff: "you are selling the truck that is the same color as your Black ass, you heard me boy." These same employees would also express their view that

Plaintiff did not seem "Black" since he did not talk like he was "Black."

10. Plaintiff complained about this harassment to his managers Randy Brooks and Anthony Woods, but they took no action. As a result of their inaction, the harassment continued..

11. Mr. Woods, through both his acts and omissions, created a toxic and hostile work environment for the Plaintiff, which adversely affected his working conditions and health.

12. Due to such harassment, adverse working conditions and health, Plaintiff was constructively discharged as of April 25, 2012.

13. Plaintiff filed his EEO Complaint on July 30, 2012. He then received the right to sue letter dated August 7, 2012. He has filed this Complaint within the 90 days allowed by law from receipt of the right to sue letter and therefore the claim is timely.

## IV.

### FIRST CAUSE OF ACTION
### (Race Discrimination in violation of 42 U.S.C. § 2000e *et. seq.*)

13. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 through 12 set forth above.

14. Defendant, by and through its management employees, subjected Plaintiff to a racially hostile and discriminatory environment which culminated in his termination from employment. Plaintiff was subject to racial discrimination and later terminated from his employment on account of his race (African-American).

15. The foregoing conduct constituted illegal discrimination prohibited by 42 U.S.C. § 2000e *et. seq.*

## V.

### SECOND CAUSE OF ACTION
### (Retaliation in violation of 42 U.S.C. § 2000e *et. seq.*)

16. Plaintiff realleges and incorporates by reference the allegations contained

in Paragraphs 1 through 12 set forth above.

17.  Defendant, by and through its management employees, engaged in a pattern of racial harassment of Plaintiff that included, but was not limited to, racial slurs. When Plaintiff complained to management about the conduct of such employees, he was subjected to retaliation by being forced to continue working under the supervision of the same individual that was harassing him leading to his constructive discharge. Among other things, this retaliation took the form of a hostile work environment in which Plaintiff was criticized for his medical condition and subsequently terminated.

18.  The foregoing conduct constituted illegal retaliation prohibited by 42 U.S.C. § 2000e *et. seq.*

## VI.
## THIRD CAUSE OF ACTION
### (Americans with Disabilities Act)

19.  Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 through 12 set forth above.

20.  Defendant, by and through its management employees, engaged in discriminatory behavior against a disabled person. The Plaintiff has a disability within the meaning of the Americans with Disabilities Act ("ADA") and presented proof to management of his condition. The Plaintiff was qualified to continue working as a Sales Person at Centennial. The Plaintiff's disability was a motivating factor in Centennial's decision to constructively discharge the Plaintiff.

21.  The foregoing conduct constituted illegal employment actions prohibited by ADA. See 42 U.S.C. § 12101 *et. seq.*

## VII.
## DEMAND FOR JURY TRIAL

22.  Pursuant to the Seventh Amendment of the United States Constitution, Plaintiff invokes his right to trial by jury in this civil action.

## VIII.

## **RELIEF REQUESTED**

23.   WHEREFORE, in light of the foregoing, Plaintiff requests that the Court enter the following relief in this matter:

     a.   Set this matter for <u>trial by jury</u> on a date certain;

     b.   Enter declaratory judgment in favor of Plaintiff on the basis that Defendant's conduct violated federal statutory law;

     c.   Award Plaintiff general and compensatory damages in an amount not less than $300,000;

     d.   Award Plaintiff exemplary and punitive damages against Defendant in order to deter future conduct;

     e.   Pre-judgment and post-judgment interest, as provided by law;

     f.   Award Plaintiff costs and reasonable attorneys fees;

     g.   Award all other just and proper relief.

Respectfully submitted,

*/s/ Paul Padda*

_____
Ruth L. Cohen, Esq.
Paul S. Padda, Esq.
COHEN & PADDA, LLP
Las Vegas, Nevada
Attorneys for Plaintiff

Dated: November 6th, 2012